IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ERIANNA GUERARD, individually and as Special Administrator to the Estate of ANN GARAT, decedent; and GALEN DUCEY;<br><br>Plaintiffs,<br>v.<br><br>CNA FINANCIAL CORP., sued herein as CNA INSURANCE COMPANIES, doing business as Continental Casualty Company, a Corporation; CAMMY WESSON-COHEN, an individual; SUZE ORMAN FINANCIAL GROUP, a business entity form unknown, and SUZE ORMAN, individually, and LONG TERM CARE GROUP, INC., and DOES 1 Through 10, inclusive;<br><br>Defendants. | Case No.  4:09-cv-01801-SBA<br><br>**ORDER DISMISSING CASE IN ITS ENTIRETY**<br><br>Date:   September 15, 2009<br>Time:   1:00 p.m.<br>Place:  Courtroom 3;<br>        Hon. Saundra Brown Armstrong<br><br>Removal Filed:  April 24, 2009<br>Trial Date:  None set |

Defendants CNA FINANCIAL CORP., sued as CNA INSURANCE

COMPANIES, doing business as Continental Casualty Company, a corporation

(hereafter "CCC"); Defendant CAMMY WESSON-COHEN, an individual (hereafter "WESSON-COHEN"); Defendant SUZE ORMAN FINANCIAL GROUP, a business group form unknown, and SUZE ORMAN, individually (hereafter collectively "ORMAN"), and Defendant LONG TERM CARE GROUP, INC. (hereafter "LTCG"), appeared by and through their respective counsel on the above date and time for Hearing on each of Defendants' duly filed and noticed Motions to Dismiss Plaintiffs' First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Specifically Defendant CCC moved to dismiss each cause of action in the First Amended Complaint alleged against CCC, i.e., the First Cause of Action (Breach of Contract), the Second Cause of Action (Declaratory Relief/Reformation), the Third Cause of Action (Breach of the Covenant of Good Faith and Fair Dealing), the Fifth Cause of Action (Fraud/Concert of Action/Conspiracy), the Sixth Cause of Action (Financial, Mental and Physical Elder Abuse – Welf. & Inst. Code § 15610.30), the Seventh Cause of Action (Unfair Competition, Bus. and Professions Code § 17200 et seq, UCL), and the Ninth Cause of Action (Consumer Legal Remedies).  Defendants ORMAN and WESSON-COHEN moved to dismiss each cause of action alleged against them, i.e., the Fourth Cause of Action (Breach of Fiduciary Duty) and the Fifth Cause of Action (Fraud/Concert of Action/Conspiracy).  Defendant LTCG moved to dismiss

each cause of action alleged against it, i.e., the Fifth Cause of Action (Fraud/Concert of Action/Conspiracy), the Sixth Cause of Action (Financial, Mental and Physical Elder Abuse), and the Seventh Cause of Action (Unfair Competition).

Plaintiffs appeared by counsel to oppose Defendants' Motions. In addition, plaintiffs had previously filed written Oppositions to Defendants' Motions, and defendants filed reply memoranda in support of their respective motions to dismiss and strike.

After consideration of the papers and pleadings on file and after hearing the arguments of counsel, this court **GRANTS** each of Defendants' Motions to Dismiss and Strike Plaintiffs' Complaint with prejudice and each Cause of Action is hereby dismissed with prejudice without leave to amend.

## PROCEDURAL HISTORY

Plaintiffs filed a First Amended Complaint ("FAC")[1] in the Superior Court of California for Alameda County, Case No. G08406252. On March 18, 2009, CCC removed the action to this Court on April 24, 2009. As set forth above, plaintiffs' FAC attempted to state eight Causes of Action against these five Defendants.

---

[1] Only the Amended Complaint was served on defendants.

## CASE BACKGROUND

This action arises out of a claim that Ann Garat, now deceased, was denied benefits under a long term care insurance policy issued by CCC for home health care services provided by her children. The suit is brought by Erianna Guerard as Special Administrator on behalf of the Estate of Ann Garat ("Garat") and by Ann Garat's two surviving children, Erianna Guerard and Galen Ducey, individually (collectively "Plaintiffs").

Plaintiffs allege that in 1999, Ms. Garat purchased a long term care policy from CCC. (FAC ¶ 2 and Ex. C to FAC.) Plaintiffs sue CCC, as the issuer of the subject insurance policy under which plaintiffs claim benefits, LTCG as the administrator of the policy benefits, and ORMAN and WESSON-COHEN for allegedly assisting Garat in procuring the policy. CNA Financial is not an insurance company and did not issue the policy at issue.

The policy at issue, however, explicitly excluded benefits for services provided by the insured's immediate family, which is defined by the policy to mean the insured's "spouse, children, brothers, sisters, or persons related to [the insured] by marriage," except in circumstances not alleged to be present. In particular, the full Exclusions clause reads:

**HOME CARE BENEFIT EXCLUSIONS**

The Home Care Benefit does not cover the cost of supplies. It does not cover the services provided by members of Your immediate family,

which means Your spouse, children, brothers, sisters, or persons related to you by marriage, unless:

1. The family member is a regular employee of an organization which is providing the services; and

2. The organization receives the payment for the services; and

3. The family member receives no compensation other than the normal compensation for employees in his or her job category.

(FAC, Ex. C, p.13 (emphasis added); FAC ¶ 40, p. 15:1-7).

This exclusion provision is conspicuous, unambiguous, and easily understandable to the lay person.  As discussed below, this clause requires dismissal of each of the causes of actions alleged in plaintiffs' FAC with prejudice as a matter of law.

## **LEGAL STANDARD**

"A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the sufficiency of the complaint.  Dismissal pursuant to Rule 12(b)(6) is appropriate if the plaintiff is unable to articulate 'enough facts to state a claim to relief that is plausible on its face.'"  *Labrador v. Seattle Mortgage Co.*, (USDC-NDCA) 2008 U.S. Dist. LEXIS 90968, p.5.

To survive a motion to dismiss, a plaintiff must allege facts that are enough to raise her right to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiffs' obligation to demonstrate her

entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  Rather, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face", not just conceivable.  *Id.*; see *In re Dynamic Random Access Memory Antitrust Litig.* 536 F.Supp.2d 1129, 1134 (N.D. Cal. 2008) (citing *Twombly* standard).

If a plaintiff cannot allege any facts in support of a claim that would entitle her to relief, the complaint must be dismissed under Rule 12(b)(6).  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).  A Rule 12(b)(6) dismissal may be based on a plaintiff's "failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory." *Id.* "Unreasonable inferences or conclusory legal allegations cast in the form of factual allegation, however, are insufficient to defeat a motion to dismiss." *Labrador, supra,* at p. 5, *citing W. Mining Council v. Watt*, 643 F.2d 618 (9th Cir. 1981).

In addition, before responding to a pleading, a party may move to strike any "redundant, immaterial, impertinent or scandalous matter."  F.R.C.P. 12(f).

## ANALYSIS

An insured is duty bound to review the contents of an insurance policy.  *Hackethal v. National Casualty Company*, 189 Cal.App.3d 1102 (1987).  One who assents to a writing is presumed to know its contents.  *Steward v. Preston Pipeline*, Inc., 134 Cal.App.4th 1565, 1589 (2005).  The Home Care Benefits

Exclusion set forth on page 13 of Ms. Garat's policy explicitly provided the policy did "not cover services provided by members of your immediate family, which means Your spouse, children, brothers, sisters, or persons related by marriage…" (Exhibit C, FAC, p. 13.)  This exclusion is conspicuous, unambiguous, and easily understandable to the lay person.

As demonstrated below, this clause requires dismissal of each of the causes of actions alleged in plaintiffs' FAC as a matter of law.

**FIRST CAUSE OF ACTION:  Breach of Contract**

Plaintiffs' first cause of action for breach of contract fails to state a claim because it is apparent on the face of the FAC that Ms. Garat was not entitled to the requested benefits under her policy and that CCC did not breach her policy by denying her claim for benefits.  Ms. Garat's policy expressly excluded coverage for services provided by family members, except in circumstances not alleged to be present.  "[W]here it is clear from the unambiguous terms of the contract that the alleged conduct of the defendant does not constitute a breach of contract," the complaint should be dismissed.  *Arbor Acres Farm, Inc. v. GRE Ins. Group*, No. CIVS012030WBS/JFM, 2002 WL 32107944, *2 (E.D. Cal. Jan. 23, 2002) (quoting, *Mieuli v. DeBartolo*, No. C-00-3225 JCS, 2001 WL 777447, *5 (N.D. Cal. Jan. 16, 2001) (internal citations omitted)).

**SECOND CAUSE OF ACTION:  Declaratory Relief/Reformation**

Plaintiffs' declaratory relief/reformation cause of action fails because it is apparent on the face of plaintiffs' FAC that they have not alleged and cannot allege facts sufficient to support such claim under California law.

Under California Civil Code § 3399:

> When, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value.

Cal. Civ. Code § 3399.  Thus, to state a claim for reformation, plaintiff must at minimum allege Ms. Garat and CNA intended to agree to coverage terms that included benefits for home health care services provided by family members and that Ms. Garat accepted the policy issued to her under the mistaken belief it provided such coverage.  *Mercury Ins. Co. v. Pearson*, 169 Cal. App. 4th 1064, 1074 (2008).  In light of the conspicuous and unambiguous Home Care Benefit Exclusion clause in Ms. Garat's policy, no such facts are or can be alleged here.

**THIRD CAUSE OF ACTION: Breach of Implied Covenant of Good Faith**

Plaintiffs' third cause of action for breach of the implied covenant of good faith fails as a matter of law because – in light of the conspicuous and unambiguous exclusions provision described above – no benefits were due or withheld unreasonably, which is required to state such a claim under California law. *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1151, 1153 (1990) ("[w]here benefits are withheld for proper cause, there is no breach of the implied covenant."); *California State Auto. Assn. Inter-Inx. Bureau v. Superior Court*, 184 Cal. App. 3d 1428, 1433 (1986) (no award for bad faith can be made without first establishing coverage exists); *Kopczyncki v. Prudential Ins. Co.*, 164 Cal. App. 3d 846 (1985) (summary judgment for insurer on bad faith claim appropriate when "clear language" of the policy demonstrated coverage did not exist); *Cheviot Vista Homeowners Assn. v. State Farm & Cas. Co.*, 143 Cal. App. 4th 1486 (2006) (summary judgment for insurer appropriate on claim of bad faith when facts showed insurer did not owe benefits to plaintiff under terms of policy).

**FOURTH CAUSE OF ACTION: Alleged as Breach of Fiduciary Duty**

Plaintiffs' fourth cause of action for "breach of fiduciary duty" fails as a matter of law. As an initial matter, no California case has ever found a cause of action for breach of a fiduciary duty by an insured against its agent or broker. (*See*

*Hydro-Mill Co., Inc. v. Hayward, Tilton & Rollapp Ins. Associates, Inc.* 115 Cal.App.4th 1145 (2004)).  This Court finds no such cause of action in this case.  The fourth cause of action therefore fails.

Additionally, plaintiffs' fourth cause of action fails under the express terms of the policy.  The exclusions set forth in the policy are clear, unambiguous and easily understandable to a layperson.  Under the policy, Garat had 30 days to return the policy.  The policy itself contradicts plaintiffs' assertions, and the policy controls.  (*Gamble v. GMAC Mortgage Corp.*, No. C-08-05532 RMW, 2009 WL 400359, *3 (N.D. Cal. Feb. 18, 2009).)  It is improper and unreasonable to ignore provisions in an insurance contract.  (*Hackethal v. National Casualty Company*, 189 Cal.App.3d 1102 (1987).)  Plaintiffs' fourth cause of action is therefore barred as a matter of law.

**FIFTH CAUSE OF ACTION:  Fraud/Concert of Action/Conspiracy**

Plaintiffs' fifth cause of action for fraud/concert of action/conspiracy fails as a matter of law because it is refuted by plaintiffs' own allegations, otherwise fails to allege fraud with the particularity required by Rule 9(b), and fails to state a claim for conspiracy.

First, plaintiffs' allegations that CNA made misrepresentations are conclusory and contradicted by the exhibits to plaintiffs' FAC.  The marketing brochure did not purport to recite all the policy terms and conditions.  The outline

of coverage and the policy contained a conspicuous and unambiguous exclusion for services provided by family members except in circumstances not alleged here. As such, plaintiffs' allegations concerning these materials are insufficient to state a claim for fraud as a matter of law.  *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 796 (9th Cir. 1996), *citing Decker v. GlenFed, Inc. (In re GlenFed, Inc. Securities Litigation),* 42 F.3d 1541, 1548 (9th Cir. 1994) (*en banc*) ("[t]he statement in question must be false to be fraudulent").

      Second, plaintiffs fail to and cannot allege reliance on any of the marketing statements because, whatever was said, the conspicuous and unambiguous exclusion in Ms. Garat's policy should have alerted her that services covered by family members were excluded under her policy.  *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324 (1986) (essential allegations for action in fraud or deceit are false representation as to material fact, knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damage; absence of any required element precludes recovery); *OCM Principal Opportunities Fund v. CIBC World Market Corp.,* 157 Cal. App. 4th 835, 863 (2007) (to demonstrate justifiable reliance, a plaintiff must show: that he or she actually relied on the defendant's misrepresentations, and that he or she was reasonable in doing so).

      It is further well-settled that plaintiff is bound by the clear and conspicuous provisions in the policy even if she "did not read or understand them." *Hadland v.*

*NN Investors Life Insurance Co., Inc.,* 24 Cal. App. 4th 1578, 1586 (1994); *see also Aetna Casualty & Surety Co. v. Richmond*, 76 Cal. App. 3d 645, 652 (1977) ("receipt of a policy and its acceptance by the insured without an objection binds the insured as well as the insurer and he cannot thereafter complain that he did not read it or know its terms.  It is a duty of the insured to read his policy."); *Malcom v. Farmers New World Life Ins. Co.*, 4 Cal. App. 4th 296, 304, n.6 (1992) ("[a] reasonable person will read the coverage provisions of an insurance policy to ascertain the scope of what is covered").

In addition, where – as here – a policy brochure or outline places a policyholder on notice that the policy itself contains the terms and limitations of coverage, plaintiffs cannot contend they justifiably relied on anything to the contrary set forth in marketing materials as a matter of law.  *Hackethal v. National Casualty Co.,* 189 Cal. App. 3d 1102 (1987) (fraud claim brought based on allegations of misrepresentations by agent, agent's brochure outlining policy, and policy;  brochure outlining policy placed policyholder on notice to read policy; no justifiable reliance).

Third, plaintiffs have otherwise failed to plead any fraud claim with particularity.  To adequately plead fraud with particularity, a plaintiff must allege "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG*

*LLP,* 476 F.3d 756, 764 (9th Cir. 2007) (internal quotations omitted).  With the exception of the marketing brochure and the outline of coverage, which cannot support a fraud cause of action, plaintiffs have not alleged such details concerning any other alleged misrepresentation and no misrepresentations are detailed to have been made by LTCG to plaintiffs with respect to the purchase of the policy.

Finally, plaintiffs have failed to adequately allege any basis for a conspiracy claim.  Under California law, conspiracy is a doctrine by which those who did not actually commit a tort can be liable for sharing a common plan with the mediate tortfeasors.  "[T]o state a cause of action based upon a conspiracy theory the plaintiff must allege the formation and operation of the conspiracy, the wrongful act or acts done pursuant to it, and the damage resulting from such acts.  In making such allegations bare legal conclusions, inferences, generalities, presumptions, and conclusions are insufficient." *State ex rel. Metz v. CCC Information Services, Inc.*, 149 Cal. App. 4th 402, 419 (2007).  Plaintiffs here do not allege any defendant committed any wrongful conduct, much less that they should be held liable for it because they shared a common plan.  In addition, such a claim of against LTCG would also be barred by California's agents immunity rule.  *Reynolds v Bemen*, 36 Cal.4th 1075, 1090 (2005).

**SIXTH CAUSE OF ACTION:  Elder Abuse**

As an initial matter, plaintiff's sixth cause of action under the Elder Abuse Act fails because there is no separate cause of action for abuse under the Elder Abuse Act.  The Act merely creates an additional remedy under certain, specifically delineated circumstances.  *Berkley v. Dowds*, 152 Cal. App. 4th 518 (2007); *ARA Living Centers-Pacific, Inc. v. Superior Court*, 18 Cal. App. 4th 1556, 1563-64 (1993).  Because all of plaintiffs' claims must be dismissed, this claim must also be dismissed.

Plaintiffs' claim also fails because plaintiffs have not alleged facts sufficient to establish their right to any remedy allowed under the Elder Abuse Act.  *Covenant Care, Inc. v. Superior Court*, 32 Cal. 4th 771, 790 (2004).  As discussed above, Ms. Garat's claim for benefits was properly denied based on the conspicuous and ambiguous Home Care Benefit Exclusions provision in her long term care policy.  *See*, *e.g.*, *Berkley v. Dowds*, 152 Cal. App. 4th 518, 529 (2007).  Therefore, no act of financial elder abuse or violation of Welfare & Institutions Code section 15610.30 is stated.

**SEVENTH AND EIGHTH CAUSES OF ACTION:  Unfair Competition and False Advertising**

Plaintiffs' seventh and eighth causes of action brought under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 and False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, also fail as a matter of

law.  These allegations are duplicative of plaintiffs' legally defective fraud claim and therefore are dismissed as a matter of law for the same reasons.  The interpretation of the clear and unambiguous terms of the policy cannot constitute an unfair, unlawful or fraudulent act violative of Bus. & Prof. Code sections 17200 or 17500.

In addition, plaintiffs cannot assert claims under California Insurance Code §§ 780 and 790.03.  Plaintiffs cannot, as a matter of law, use an alleged violation of Section 790.03 as the basis of a UCL claim because no private right of action exists under Section 790.03.  *Moradi-Shalal v. Fireman's Fund*, 46 Cal. 3d 287, 304 (1988); *Mercado v. Allstate Ins. Co.*, 340 F. 3d 824, 828, n.3 (9th Cir. 2003); (extending rule to entirety of Section 790.03); *Manufacturers Life Ins. Co. v. Superior Court*, 10 Cal. 4th 257, 283-84 (1995).  Plaintiffs' claim under Section 780 is legally defective for the same reasons as plaintiffs' fraud claims.  *See also California Service Station and Auto v. Repair Ass'n American Home Assns. Co.*, 62 Cal. App.4th 1166, 1176 (1998) (claims under Section 780 "analogous" to the torts of fraud and deceit.")

**PLAINTIFFS' ORAL MOTION FOR LEAVE TO AMEND**

This Court also denies plaintiffs' motion for leave to file a Second Amended Complaint, made orally at the hearing on the motion to dismiss.  This Court considered the further arguments made by plaintiffs at the hearing in support of a

cause of action against defendants.  In light of those arguments, as well as those set forth in plaintiffs' supporting memorandum of law, this Court finds that any amendment by plaintiffs would be futile because, even if granted, it would not withstand a motion to dismiss by defendants.  *See e.g., Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). Accordingly, this Court denies plaintiffs' motion for leave to file a Second Amended Complaint, and grants defendants' motion to dismiss with prejudice as a matter of law.

   IT IS SO ORDERED.


Dated: 9/22/09

                                              _____
                                              Hon. Saundra Brown Armstrong
                                              U.S. District Court Judge